**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Carl Lavin Ford,

                                                  Civ. No. 15-0169 (MJD/BRT)

        Petitioner,

v.

                                                  **REPORT AND**

State of Minnesota and County of Clay,        **RECOMMENDATION**

        Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

On July 18, 2012, Carl Lavin Ford received a one-year suspended sentence and two years of probation after he pleaded guilty in Minnesota to gross misdemeanor assault. (Doc. No. 1 at 1.) Ford did not appeal his conviction or sentence, nor did he file a state motion for post-conviction relief. (*Id.* at 2–3.) Instead, on January 22, 2015,[1] he filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction on grounds of judicial misconduct, prosecutorial misconduct, and ineffective assistance of counsel.[2] (*Id.* at 1, 5–8, 15.) Upon preliminary review under

---

[1] Under the prison mailbox rule, Ford's petition is deemed filed on the date that he deposited it in the prison mailing system (January 22, 2015), not the date that it was ultimately received by this Court (January 26, 2015). *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

[2] Although Ford was not sentenced to immediate incarceration on his misdemeanor assault conviction, it appears that he is currently in prison, presumably for having violated the terms of his probation. Ford, it should be stressed, is not challenging any revocation of probation; instead, he is only challenging his original conviction and sentence for gross misdemeanor assault. (*See* Doc. No. 1 at 1.)

Rule 4 of the Rules Governing Section 2254 Cases, this Court recommends that Ford's petition be summarily dismissed as time-barred under the applicable statute of limitations.[3]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a federal habeas petition, which typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).[4] In his petition, Ford indicates that the sentence he seeks to challenge was entered on July 18, 2012. (Doc. No. 1 at 1.) Because Ford did not appeal his conviction or sentence, his criminal judgment became final on October 16, 2012, when the 90-day period for pursuing direct review expired. *See Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 654–55 (2012) (holding that when a petitioner does not pursue direct review in state court, the criminal judgment becomes final when the time for pursuing such review expires); Minn.

---

[3]   Rule 4 requires preliminary review of a federal habeas petition and summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[4]   AEDPA lists three other potential triggering dates: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; and (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D). None of those dates are relevant here, as Ford's claims do not rely on any newly recognized constitutional rights or newly discovered facts, and his petition does not indicate that he was prevented from filing earlier due to the existence of an unlawful state-created impediment. (*See* Doc. No. 1 at 5–9, 13–14.)

R. Crim. P. 28.05, subd. 1 (imposing a 90-day deadline for appealing a criminal sentence). Ford thus had until October 16, 2013, to file his federal habeas petition. He did not, however, file his petition until January 22, 2015, more than a year after the statute of limitations had expired.

Ford does not contend that he is entitled to equitable tolling of the federal limitations period, and his petition does not otherwise set forth any facts suggesting that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). Nor has Ford made a "convincing showing of actual innocence" based on new evidence, as needed to overcome AEDPA's time limitations. *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). Instead, Ford contends that his petition is not barred by AEDPA's limitations period because he is "still serving time on a sentence[] that came about illegally and unconstitutionally," and because he "didn't know of any proceedings to go about getting this conviction dealt with legally until now." (Doc. No. 1 at 13–14.) Neither of those circumstances, however, exempts Ford from having to comply with AEDPA's filing deadline or provides a basis for equitably tolling that deadline for any period of time, much less for over a year. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation *shall* apply to an application for a writ of habeas corpus *by a person in custody* pursuant to the judgment of a State court.") (emphasis added); *Perkins*, — U.S. at —, 133 S. Ct. at 1933 (explaining that AEDPA's time limitations apply to all but a "severely confined category" of cases in which new evidence establishes a credible claim of actual innocence); *Shoemate v. Norris*, 390 F.3d

3

595, 598 (8th Cir. 2004) (explaining that *pro se* status, lack of legal knowledge, or confusion about the federal limitations period are inadequate to warrant equitable tolling).

Because Ford's petition is plainly barred under AEDPA's one-year statute of limitations, this Court recommends summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases. And because reasonable jurists would not find debatable the timeliness of Ford's petition, this Court further recommends that no certificate of appealability be granted. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that where a habeas petition is denied on procedural grounds, a petitioner seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Ford's petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED WITH PREJUDICE** as time-barred; and

2. No certificate of appealability be granted in this matter.

Date: March 5, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 19, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.